**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Glenn Rexroad, Jr.,**
**Claimant Below, Petitioner**

**vs.)    No. 22-0115    (BOR Appeal No. 2057433)**
**(JCN: 2003015615)**

**West Virginia Office of**
**Insurance Commissioner,**
**Commissioner Below, Respondent**

**and**

**Gladwell Enterprises, Inc.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Glenn Rexroad Jr. appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner filed a timely response.[1] The issue on appeal is permanent partial disability. The claims administrator granted a 0% permanent partial disability award on July 17, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 23, 2021, Order. The Order was affirmed by the Board of Review on January 4, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Rexroad developed occupational pneumoconiosis in the course of and resulting from his employment. On March 12, 2003, Mr. Rexroad was granted a 15% permanent partial disability award for occupational pneumoconiosis. He was granted an additional 5% award on July 10, 2008. On July 9, 2013, the Occupational Pneumoconiosis Board ("OP Board") found sufficient evidence to justify 25% impairment due to occupational pneumoconiosis. It noted that Mr. Rexroad had thirty-four years of exposure to dust hazards. On August 29, 2013, Mr. Rexroad was granted an additional 5% permanent partial disability award, bringing his total impairment due to occupational pneumoconiosis to 25%.

---

[1]Petitioner, Glenn Rexroad Jr., is represented by J. Thomas Greene Jr. and T. Colin Greene, and respondent, West Virginia Office of Insurance Commissioner, is represented by Sean Harter.

On June 4, 2019, the OP Board found that Mr. Rexroad had no more than 25% impairment attributable to occupational pneumoconiosis. It was noted that Mr. Rexroad retired in 2002 and had thirty-four years of hazardous dust exposure. X-rays were taken and compared to films from 2003, 2008, and 2013. They showed a nodular fibrotic process throughout both lung zones, which was consistent with occupational pneumoconiosis. The claims administrator granted a 0% permanent partial disability award on July 17, 2019. It found that Mr. Rexroad was fully compensated by his prior 25% permanent partial disability award. Mr. Redroad protested the claims administrator's decision.

Shawn Posin, M.D., evaluated Mr. Rexroad on August 6, 2020, and noted that Mr. Rexroad had nodules and that 5% of his right lung lower lobe was removed in 2008. He also noted that Mr. Rexroad had a significant smoking history of fifty pack-years. A chest x-ray was performed that day and showed small nodules consistent with occupational pneumoconiosis. An arterial blood gas study showed 50% impairment of pulmonary function. Pulmonary function studies showed an FEV1 consistent with 50% impairment, an FEV1/FVC ratio consistent with 25% impairment, and a diffusion study that was consistent with 50% impairment. Dr. Posin assessed 40% impairment due to occupational pneumoconiosis based on Mr. Rexroad's history, testing, and prior imaging.

On August 4, 2021, members of the OP Board testified in a hearing. John Willis, M.D., testified that he diagnosed occupational pneumoconiosis after reviewing Mr. Rexroad's films. He opined that there were no changes between the 2013 and 2019 films. Jack Kinder, M.D., concurred with Dr. Willis's testimony. Dr. Kinder noted that Mr. Rexroad was evaluated by the OP Board on June 4, 2019, and the studies, which showed 50% impairment, were of good quality. Dr. Kinder testified that he reviewed the August 6, 2020, report by Dr. Posin and though the studies appeared to be valid, he could not tell how many attempts were made. Further, he disagreed with Dr. Posin's recommendation of 40% impairment. Dr. Kinder opined that without radiographic evidence of changes attributable to occupational pneumoconiosis, the level of impairment could not be raised above 25%. He asserted that any impairment above 25% was attributable to non-occupational factors, such as Mr. Rexroad's significant cigarette smoking history. Dr. Kinder stated that based upon the diffusion studies, Mr. Rexroad was totally impaired; however, there had been no change since his 2009 pulmonary testing, and there was no evidence of worsening changes on radiographs. Finally, Dr. Kinder noted that Mr. Rexroad also suffers from emphysema and chronic obstructive pulmonary disease, both of which are associated with cigarette smoking. Dr. Kinder noted that Mr. Rexroad had coarse breath sounds and mild suppression of breath sounds, which indicates a destructive process in the lungs.

In its September 23, 2021, order, the Office of Judges affirmed the claims administrator's decision granting no additional permanent partial disability award. After reviewing the evidence, the Office of Judges concluded that Mr. Rexroad failed to show that the OP Board's decision was clearly wrong in view of the reliable, probative, and substantial evidence of record. The Board of Review adopted the findings and conclusions of the Office of Judges and affirmed its order on January 4, 2022.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-6a provides that the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." The OP Board reviewed Mr. Rexroad's imaging studies and medical records and concluded that he was fully compensated by his prior awards totaling 25% permanent partial disability. Dr. Kinder testified on behalf of the OP Board that though Mr. Rexroad had greater than 25% impairment, some of that impairment was attributable to nonoccupational conditions, such as emphysema and chronic obstructive pulmonary disease. Dr. Kinder also noted that there were no changes seen on radiographs since 2009 to indicate worsening occupational pneumoconiosis. The Office of Judges, and by extension the Board of Review, committed no error in finding the Occupational Pneumoconiosis Board's opinion to be the most persuasive of record.

Affirmed.

**ISSUED: October 19, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3